Good morning, may it please the court, Fay Arfa on behalf of Mr. Hernandez, last but not least. We wanted to point out what's unique about this case. What's unique about this case is that in 1981, I think everyone can agree, residential burglary was a wobbler. And in order to really, the prosecution, in order to prove beyond a reasonable doubt that this was a strike, the prosecution really had to submit a full sentencing package, probation and sentencing package. And all they did was submit the plea. Excuse me, perhaps I misunderstand and you can correct me, but I thought here, admittedly, it was a wobbler, but I thought that the trial minute order showed that the petitioner was charged with a felony. At the plea hearing, the petitioner told the court twice that he was entering in no contest to burglary a felony in violation of 459. And the trial court minute order for the conviction states that it was a felony and the box marked misdemeanor is empty. Most importantly, the prosecution submitted into evidence at the trial the information, the minute order, and the transcript of the 1981 change of plea hearing. There's no evidence that I can find anywhere that the jury received information or believed that petitioner's felony had been converted to a misdemeanor. Am I wrong? Well, I wanted to point out, and I pointed it out to a respondent this morning, that in the supplemental excerpts of record, they have the wrong minute orders. They have the minute orders from the co-defendant, not Mr. Hernandez. So on page 7, 16, and 17 of the excerpts of record, which are the minute orders, and the abstract. What was the page again, please? Page 7 of the S.E.R., page 16 of the S.E.R., and page 17 of the S.E.R. belong to Stephen Gallegos. And I pointed that out to a respondent. So they really do not have, we don't know what he got at the time. What about the information, is that correct? The information charging your client? Yes, the charging document is correct. And the change of plea hearing, are you contending that that is inaccurate? The transcript is not inaccurate. Okay. So basically you've got, even if you omit the minute order. Okay. Why isn't that enough information to solidify the fact that the jury was aware that there was never any contest about whether this was a felony that was charged as opposed to a misdemeanor? Well, we know what it was charged. Right. There's no question about it. I mean, that he pled to, and that he was convicted of it. We know what he pled to. But we don't know what the ultimate sentence was. The Court could have just, the Court, according to the plea agreement, had up to 16 months. Up to 16 months. It wasn't a straight 16 months. So he could have given him anything. And if the Court gave him a probationary sentence, he was entitled under Penal Code 17b to have it reduced to a misdemeanor. Did he, if that happened? We don't know. Okay. What burden is that? Well, it's the prosecution. Let's assume that happened. Isn't that your client's burden to produce that for the record on appeal? Well, it's our position that. You can't speculate, can you? Yeah. Well, we say the burden's on them. Look, you didn't prove it. We don't know. You didn't prove it because you've got to show what his sentence was. And it's unique. It's a little different. And normally a plea to a felony under any other circumstance would have been a strike, except in this case. So there were – so other than that, without the probation and sentence, we're saying, look, you didn't prove it beyond a reasonable doubt what the actual – whether or not it was actually a strike. And that's only because this is a wobbler. I mean, today if it happened, we'd say, you know, too bad. Although it would be preferable if they could put the sentencing in. Also, we just wanted to point out a few equitable reasons, since the court has – considers equities this morning. Oh, we love equities. Okay. Okay, number one. Equity number one. He's already doing life. The guy's serving a sentence of 25 to life. So, you know, about eight years in, he's got this – you know, they find a little heroin on him. Under California law, if you get rid of this strike, okay, you get rid of this 15-year-old strike, which is now close to 30 years old or whatever, you get rid of that, he still would be doing with the one strike that he already has. He could get maximum eight concurrent, or he could get another, if they did it consecutive to his life sentence, he'd get two years. So he's still got life, even if you strike it and say, okay, they blew it. You know, they didn't do what they were supposed to. So he gets out and he runs for Congress. Well, he's still got the murder conviction. Oh, there we go. That's not going to be a problem. Is there any evidence the jury received information or believed that the felony was converted to a misdemeanor? Is there anything that they could have found differently if, say, the minute order was mistakenly put in? I don't know what the real minute order was because you're saying it's not on our record now. But the other evidence that he pled to a felony, his own plea hearing, and the other document, is there anything they could find that it was not a felony? Well, what we're saying is, look, we don't know. We don't know because it was a wobbler. So that's what's so unique about this case. We don't know. I mean, maybe the judge didn't know. I'm not used to wobblers. But I understand what you mean by wobbler. But where it says it's a felony in the materials put before the jury, you're saying perhaps but legally it wasn't a felony. Right. It's not finished. It's an unfinished felony. It's he pled to a felony. We don't know. Was the sentence he got before the jury put before the jury? Pardon me? Was the sentence he received before the jury on that conviction? No. That's what's missing. We don't know what he got. And not only that, even if he pled to a felony under the California penal code, if he got a misdemeanor sentence, if he got anything other than state prison, he could come back and ask the Court to reduce it to a misdemeanor. See, I'm still puzzled by that aspect. I think you're absolutely right. He could. Yes. But there's no evidence that he did. That's true. If he didn't, how can you get the benefit of what is, at best, speculation? Well, we have some more equities. Oh. Get into it. Number one, which we would probably have to go back and do, you know, because I came on this after he had already filed his petition. But when you look at the SCR, the supplemental transcripts, you'll see on page 22 when he pled, he said, And the defendant said yes through an interpreter. Okay? So they told him, when he entered this plea, that it could not be used against him in another proceeding. Is that like the Supreme Court's recent case? Which one was that? That dealt with what people could use pleadings for in terms of immigration cases? I don't know. I don't know. Frankly, I should know. I should remember the case, but I don't. It came out within the last month. Okay. Or thereabouts. So, look, I mean, they told him when he pled it can't be used against him. So that would be, we'd have to go back and then do another thing. That's in the record? That's in the record on page 22 of the SCRs. Secondly, the factual basis is very poor. And number three, they never, the final equity reason that I have is that he never properly waived his rights. Okay. When you look at the waiver of rights, they're using an interpreter. And the interpreter never says, never actually translates, you know, you gave up your right to a jury trial, et cetera. What the interpreter did was say, okay, yes, he understands. But he didn't say exactly what Mr. Hernandez and Mr. Gallegos were saying at the time. He didn't put it on the record, you mean? Yeah. In other words. What they actually said. Okay. Yeah. He said they both indicate yes, Your Honor. They understand it. They both understand. And the interpreter. And you're saying. Both indicate. You're saying that they have to put it on the record? Well, yeah. You have to say defendant says yes. Not his interpretation. Both indicate they do understand. I mean, what words were said by the defendant. So all in all, we think that justice would be served if we could eliminate this strike and end it once and for all. Thank you. I'll save the last 30 minutes. I feel so good now. Okay. Let's hear from the government. Good morning. May it please the Court. My name is Laura Simpson from the California Attorney General's Office. And I'm here on behalf of the warden. And to just take up what my opposing counsel had mentioned, yes, we did speak before this oral argument. And she was kind enough to point out that the prosecution's 969B packet that was presented to the jury, and that's included in the supplemental excerpts of record, the proportions of that that concern the sentence hearing minute order and the sentencing form, those both do concern the petitioner's co-defendant in that case. However, as this Court has already indicated, the jury was presented with the information which charged both the petitioner and his co-defendant with felony burglary, and it did indicate that it was of a residence. The change-of-plea hearing transcript is also provided. And in that transcript change-of-plea hearing, it's for both of the defendants, petitioner and his co-defendant. And I would note that the Court did indicate that the plea was to a felony, second-degree burglary, and that the indicated statement or the indicated sentence for petitioner was a maximum of 16 months imprisonment. The Court also then gave an indicated sentence for the co-defendant. And that co-defendant, unlike petitioner, he did not have a prior conviction. And the Court did say that the indicated sentence for his offense, if he didn't have a prior conviction, would be a felony with local time in jail. So that also supports the finding or the implied finding that the Court would not have given a lesser misdemeanor sentence to petitioner when he had a prior conviction. That was more of an aggravating circumstance. There was no information provided that would show that this felony, which was pled to as a charged as a felony, it was pled to as a felony. The Court gave an indicated sentence. The maximum punishment would be punishment in prison, which would continue treating it as a felony. There's no indication in the record that the sentence was otherwise rendered to be a misdemeanor. And as the district court noted in its findings and recommendations, the petitioner actually did end up serving a 16-month term for this offense. And that information was not before that. Could you say that again, please? The petitioner in this case did end up serving a 16-month term. As noted in the probation report, the probation report was not before the jury, but it just goes to further support the ultimate determination. Based upon this ---- Is there any evidence of which you are aware in the record that the jury received anything, any information other than that Mr. Hernandez was convicted of a felony? In other words, was there any information that was presented to the jury that this was a wobbler, that it might be either way or something like that? No, I don't believe so. It was the 969B packet, which had consistently initially charged and pled it as a felony. Right. And the one that the jury got would have had the correct minute order attached, I trust? I don't believe so. I believe that this was an inadvertent error because in the supplemental excerpts of record, I've included the prosecution's Exhibit B or, I'm sorry, excuse me, Exhibit 5, and this is taken out of the clerk's transcript that was prepared for the direct appeal and was also lodged before with the district court. These are the documents that were included. And I can only surmise that perhaps when the request came in for these documents to be produced by CDCR, that because the co-defendant and petitioner had the same court case number, because they were charged together and they pled together, that that may be what led to these documents from a co-defendant being produced and included in this packet. This is one of these things where people that plead together stay together. Is that what it is? I suppose so. Yeah. But based upon the evidence that was before the jury, the Respondent's position remains the same, that the State court reasonably concluded that there was substantial evidence  The only question that I have on this is the one that she raised, and I think it was equity number two. And that had to do with, if I recall the number correctly, that the defendant, or in this case the petitioner, was told that the confession of the felony could not be used in any other context. Could you comment on that, please? Well, I did note that in the record, and I just want to, in response to her comment, and that is an accurate description of what appears in the transcript. This is a new claim that has never before been raised or considered. And so number one, it's waived and not exhausted. And to just comment on a couple of the other equities, the first equity that was raised was that the petitioner is already serving a life sentence for murder. Well, that sentence is for beating a child, his stepchild. So I don't think that that is an equitable circumstance that can weigh in his favor. As a result of this particular current conviction, his parole date is not until the earliest date would be 2022, but the parole date for his murder offense is this year of 2010. And so I don't think that that equity can be considered and would weigh in his favor. Let me just check to see. And again, for the other comment about the advisements weren't proper or about the interpreter, these are new claims. They haven't been addressed before. They are not exhausted and cannot be raised at this point in time. If there are no further questions, I would submit. I think we have no further questions. I guess we have. I don't want rebuttal time remains for you, Ms. Arfra. But let's find out. We've got 31 seconds. So is everybody telling us you want us to raise these issues and come back again on this? I mean, is that what we'll have to do? At least from my perspective, I think opposing counsel, this is a habeas proceeding. These weren't raised in the state court. Not exhausted. So they are wonderfully presented. We compliment you on your ingenuity. And like Hubert, you'll have an unfinished symphony. Okay. Well, and also, just the other thing I want to say is about the package that they call 969B, which is the sentencing package. The fact that they even put the minute orders in there in the abstract shows how important it was to prove that it was a felony. And they just put the wrong ones in. So we thank you very much, both of you, for your fine arguments. We hope you have a wonderful day. Thank you. Nice lunch. And the Hernandez v. Duncan is submitted, and the court will stand in recess.
judges: Hogan, Hug, Smith M.